MAY TERM<br>
1837.<br>
Rhody<br>
v.<br>
Ramsey.

---

RHODY (A WOMAN OF COLOR) v. JONATHAN RAMSEY.
(IN ERROR)

*J. Wilson,* for plaintiff.

The plaintiff therefore insists on all the points made at the trial for a reversal, and, in particular, insists

That the court erred in refusing to let the plaintiff give the deed of emancipation in evidence.

That the law of the case is, if Josiah Ramsey was allowed to keep possession of the plaintiff for more than six years after the execution of the paper relied on by the defendant then he had a right to emancipate the plaintiff. This point is raised by plaintiff's instructions, 9 and 10, page —.

That the court erred in refusing the 13th instruction as asked by the plaintiff, (see page 16.) And this is controverted by the defendant's 12 instructions, (see page 15.)

That the court erred in giving the 1st, 5th and 8th instructions asked by the defendant, (see page 14.)

*Leonard,* for defendant.

In support of the judgment, the counsel for the defendant in error will insist upon the following points and authorities:

First point: The deed of the 17th of February, 1824, and evidence of Dorriss, as to its execution, was properly admitted in evidence.

Second point: The deed of emancipation from Josiah Ramsey, senr., was irrelevant to the matter in issue between the parties, and properly excluded.

Third point: The jury were correctly instructed as to the law of the case.

MAY TERM
1837.

Rhody
v.
Ramsey.

Opinion of the court, delivered by McGirk, Judge.

The points in this case are similar to the points in the case of Amy v. Ramsey. So much so, that the law in both cases is the same. The judgment of the court below, is also affirmed. The defendant pays his own costs.